IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANCES RIDER,

           Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

           Defendant.

OPINION AND ORDER

16-cv-131-wmc

---

For a fourth time, plaintiff Frances Rider appeals from a denial of her application for disability insurance benefits, first filed in 2005.[1] Before the court are the parties' dueling motions. The Commissioner moves for yet another remand for further proceedings. (Dkt. #8.) In contrast, plaintiff moves for summary judgment and for judgment as a matter of law (dkt. ##10, 14), seeking to reverse the Commissioner's decision outright and award plaintiff benefits directly.

The obvious issue is whether the factual record now before this court permits an outright award of benefits or whether yet another remand for further proceedings is

---

[1] The Seventh Circuit first remanded for the ALJ to address the most glaring error in the decision denying plaintiff's claim for benefits, the failure to consider her extreme obesity, especially in combination with her other physical impairments. *See Martinez v. Astrue*, 630 F.3d 693, 698-99 (7th Cir 2011) (reviewing district court's decision affirming denial of benefits for Frances Rider in consolidated appeal, *Rider v. Astrue*, No. 09-CV-575-BBC, 2010 WL 1882012, at *1 (W.D. Wis. May 7, 2010)). This court then granted the parties' stipulation to remand plaintiff's claim to provide a *de novo* hearing, update the administrative record, and obtain medical expert evidence to evaluate plaintiff's mental impairments. (AR 1048-49.) The Appeals Council remanded the case again after the ALJ failed to hold a new hearing following this court's remand. (AR 1045-46.)

required.[2]  Plaintiff argues the Commissioner's four previous denials of plaintiff's application for benefits exhibit a stubbornness that should no longer be tolerated, while conceding that the Seventh Circuit advises "[o]bduracy is not a ground on which to award benefits; the evidence properly in the record must demonstrate liability." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005).  This is because the court only has the authority to award benefits for the reasons set forth in 42 U.S.C. § 423, "an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability." *Id.* at 356.  Put differently, a direct award of benefits is appropriate only if plaintiff is able to establish clearly her eligibility for disability benefits and "the outcome on remand [is] pre-determined." *Allord v. Astrue*, 631 F.3d 411, 417 (7th Cir. 2011).

Even so, plaintiff can be forgiven for expecting finality after almost thirteen years in this process, and to her credit argues that she has made the necessary showing that the ALJ should have found disability based on the testimony of the medical and vocational experts at the fourth hearing.  Nevertheless, the court must disagree.

BACKGROUND

On October 9, 2015, ALJ Thomas issued a nine-page decision finding plaintiff not disabled between February 11, 2004, her claimed onset date, and December 31, 2006,

---

[2] Defendant's proposed remand order states that "[u]pon receipt of the Court's order, the Appeals Council will vacate all findings in the Administrative Law Judge's decision.  The Commissioner will conduct further proceedings and develop the administrative record as necessary to determine whether Plaintiff is capable of performing her past relevant work." (Dkt. #9.)

2

her date last insured. (AR 1014.)³ Despite finding that Rider had severe impairments of major depressive disorder, hearing impairment, shoulder bursitis, obstructive sleep apnea and obesity, the ALJ determined that Rider had the following residual functional capacity ("RFC"):

> To perform light work as defined in 20 CFR 404.1567(b) except that she was limited to occasionally kneeling, crouching, and crawling, frequently climbing stairs, ramps, ladders, ropes, and scaffolds, frequently balancing and stooping, could not be exposed to unprotected heights or similar hazards, could be exposed to noisy environments or very loud noises or be allowed to use hearing protection, was limited to repetitive 3-4 step tasks, and could have no more than brief and superficial contact with others, defined as an 8 in the 5th digit of the DOT code.

(AR 1016, 1018-19.)

Before issuing his decision, ALJ Thomas held a hearing at which an impartial medical expert, Mary L. Stevens, Ph.D., and an impartial vocational expert, Robert A. Brezinski, appeared and provided testimony. (AR 1014.) Relying on their testimony, the ALJ again found the plaintiff not disabled.

Plaintiff would fault the ALJ's evaluation of the testimony of these two experts. First, plaintiff points to the medical expert's opinion testimony at the hearing, which was based on her review of the medical records. The expert testified that Rider was capable of "three- to four-step repetitive work tasks with brief and superficial contact with others." (AR 1231.) Relatedly, plaintiff then cites the following exchange between her counsel, who also represents her in this appeal, and the medical expert:

---

³ Unless otherwise noted, all cites are to the administrative record ("AR"). (Dkt. ##7, 7-1, 7-2, 7-3.)

3

> Q: You indicated . . . "she's capable of three- to four- step repetitive work duties," right?
>
> A: Correct.
>
> Q: Now does that mean like processes or does that mean instructions?
>
> A: Because I'm not a vocational expert, I'm not able to differentiate on that. I would defer to Mr. Brezinski about the different types of examples of work duties.
>
> Q: So I guess I'm trying to get at is more of the complexity of the type of activity or is it more any limitations she may have in thought process.
>
> A: Well, if you have limitations in thought process, then you can't do complex work duties and she never has to my knowledge.

(AR 1232.)

Second, plaintiff cites the vocational expert's ("VE's") testimony regarding the medical expert's opinion as to Rider's three- to four- step limitation. At the hearing, the VE first asked plaintiff briefly about the tasks she performed in her past job as an electronics assembler. (AR 1234-35.) He then testified that the relevant job in the Dictionary of Titles ("DOT") is electronics assembler, listed in the DOT as semi-skilled sedentary work, with an "SVP" of 3. (AR 1235-37.) After some follow-up questions from plaintiff's counsel, the ALJ asked the VE hypothetical questions based on Rider's background and limitations.

Specifically, the ALJ asked whether an individual with Rider's RFC -- "limited from a psych perspective of essentially repetitive or three- to four-step tasks" -- would still be able to perform Rider's past relevant work. (AR 1239-40.) The VE responded that

4

the hypothetical claimant would be able to perform the job of "assembler, semi-conductor," even if the ALJ were to "change this hypothetical and reduce her to a sedentary level rather than light." (AR 1240.)

Plaintiff's counsel then asked the VE questions about his findings as to Rider's "SVP" and the medical expert's opinion regarding Rider's ability to perform three- to four-step tasks. In response to a question from the ALJ, the VE first explained that "SVP" was the "specific vocational preparation for a particular job," meaning "the amount of time required by a typical employee to learn the techniques and the manners in which one is to perform a particular job." (AR 1242.) Having established that definition, plaintiff's counsel then asked the VE about the medical expert's opinion regarding the number of steps of work tasks Rider could perform:

> Q: And now we're talking about steps. That would imply more to the reasoning level that's in the GED trailer, correct?
>
> A: I'm not familiar with that.
>
> Q: The GED is the general education development level -- and it has -- for instance, reasoning level two is defined as commonsense understanding to carry out detailed, but uninvolved written or oral instructions, fluid problems involving a few concrete variables in or from standardized situations. That sounds pretty close to the idea of keeping it to about a three- to four- step type work, doesn't it?
>
> A: I'd say that's reasonable.

(AR 1243.)[4]

---

[4] A job at the level three reasoning level requires an individual to "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DICOT App. C, 1991 WL 688702.

Then, warned by the ALJ that the hearing was "running short of time," plaintiff's counsel asked the vocational expert one last question:

> Q: The individual is limited to sedentary work. The individual is limited to unskilled work, meaning an SVP of 2. The individual is also limited to non-complex instructions that may have some detail. In other words, commonsense detailed, but uninvolved written or oral instructions and deal with a very few concrete variables. Assuming that to be the case, could she perform the past work?
>
> A: In my opinion, no.

(AR 1243-44.)

Based on the VE's testimony, the ALJ then found that during the relevant insurance period Rider was capable of performing her past relevant work as an electronics assembler. (AR 1021-22.) The ALJ also noted that the "vocational expert's written report indicates that the claimant has past relevant work as Cashier II . . . and sales clerk[.]" (AR 1021.)

OPINION

Plaintiff argues here that the ALJ's decision was in error because he failed to appreciate that the VE "admitted that a limitation to three- or four-step work would be addressed, not by SVP, but by the General Educational Development or GED." (Pl.'s Opening Br. (dkt. #11) at 16.) Moreover, plaintiff continues, "the VE was read the [GED] definition of reasoning level two and indicated that it matched the testimony of the [medical expert] as far as limitations to three- or four-step instructions." *Id.*

Based on the DOT provisions for "Cashier II" and "Assembler, Semiconductor," plaintiff has established that both jobs require a GED reasoning level of three. (*Id.* at 17-

6

19.) Although plaintiff does not cite the DOT provision for "Sales Clerk," it is the only other job the ALJ found that Rider performed as past relevant work that also has a GED reasoning level of three. *See* DICOT 290.477-014, 1991 WL 672554. Therefore, according to plaintiff, if the ALJ had credited the VE's testimony properly, then the Medical Vocational Guidelines would have directed a finding of disability, because Rider was older than 50 and limited to sedentary work, so she could not perform her other past relevant work, all of which was either at the medium or light exertion level. (*Id.* at 16-17.)

At least two questions preclude the court from being able to find that "all factual issues have been resolved and the record supports a finding of disability." *Briscoe*, 425 F.3d at 357. First, the court cannot resolve from the VE's testimony that the medical expert's testimony regarding Rider's limitation to three- to four-step work duties limited her to jobs with a GED reasoning level of two, but not three, particularly given that the VE indicated that he was not familiar with the GED reasoning levels in the DOT, as well as the apparent similarity between the DOT definitions of GED reasoning levels two and three. Nor does the medical expert's testimony clarify the distinction any further, as she confirmed that Rider had "no limitations on simple instructions, carrying out simple instructions, and making simple work related decisions," merely acknowledging in response to a question from plaintiff's counsel that Rider could not perform "complex work duties." (AR 1231-32.) Moreover, the ALJ found that plaintiff *was* capable of performing a job with an SVP level of three based on the VE's testimony applying a hypothetical claimant who could do "lower-level semi-skilled work." Accordingly,

plaintiff's argument regarding her GED reasoning level does not necessarily undermine that finding. (AR 1240.)

Second, although plaintiff asserts that the ALJ limited her RFC to "sedentary exertional limitations" (Pl.'s Opening Br. (dkt. #11) at 17), the ALJ's decision explicitly states that "the claimant had the residual functional capacity to perform light work," with some additional limitations (AR 1018-19). Therefore, depending on testimony from a vocational expert, the ALJ might still be able to find that plaintiff could have performed at least one of her other two past jobs.[5] The VE did not opine whether a hypothetical claimant with the RFC formulated by the ALJ applied in his decision could perform any of Rider's past relevant work, other than electronics assembler, and neither the ALJ nor plaintiff's counsel asked the VE about those other jobs directly. Even if Rider were limited to sedentary work, however, the remaining question in the record regarding her capability for reasoning would require remand to determine whether she could perform her past relevant work as an electronics assembler.

Unfortunately, plaintiff's counsel also fails to point to other evidence in the lengthy administrative record establishing plaintiff's disability conclusively. The court takes no pleasure in once again remanding plaintiff's benefits claim for further proceedings. Indeed, if this case presented a more extreme example of obduracy or failure to apply the law of the case, *see Allord v. Astrue*, No. 09-cv-310-bbc, 2010 WL 1292157, at *12-13 (W.D. Wis. Mar. 26, 2010), then perhaps directing benefits would

---

[5] Despite plaintiff's assertion that her past relevant work was "medium or light," it appears that both Cashier II and Sales Clerk are listed as light work jobs in the DOT. DICOT 211.462-010, 1991 WL 671840 (Cashier II); DICOT 290.477-014, 1991 WL 672554 (Sales Clerk).

be appropriate.[6] That said, only a limited set of factual questions regarding plaintiff's capability to perform the tasks of her past relevant work must be resolved on remand. Given the length of time over which plaintiff has sought benefits, perhaps the "Commissioner [would even be] willing to consider settling this protracted litigation, rather than dragging it into a fifteenth year or later." *Allord*, 631 F.3d at 417. Finally, since it appears to be an open question in the Seventh Circuit whether a district court can impose a time limit when remanding a case to the Social Security Administration, *see id.* at 417 n.3, the court hesitates to do so here. Given that nearly twelve years have passed since plaintiff originally filed her application for benefits, however, the Administration is expected to resolve the remaining issues in this case expeditiously.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Frances Rider's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered this 20th day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[6] This is not to endorse the Commissioner's handling of the case, nor the soundness of the ALJ's opinion.